## Yeier, Appellant, *v.* Scottish Union and National Insurance Co. (No. 2).

*Judgment—Opening judgment—Insurance.*

A rule to open a judgment entered in a suit on a policy of fire insurance for want of an affidavit of defense, will not be opened, where the person who makes the application describes himself as the adjuster and agent of the defendant, and avers that although he had caused an appearance to be entered for the defendant, and

had received a copy of the statement of claim, he had overlooked the subject, or that it was not so impressed upon his mind that he had any recollection of the transaction. The appellate court will not review the discretion of the lower court in refusing relief in such a clear case of inattention not excused, or accounted for.

Argued March 9, 1916.    Appeal, No. 51, March T., 1916, by plaintiff, from order of C. P. Lackawanna Co., Nov. T., 1915, No. 39, making absolute rule to open judgment in case of Franciska Yeier v. Scottish Union and National Insurance Company of Edinburgh.    Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.    Reversed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule to open judgment.

*W. A. Jennings,* for appellant.—The rule to open judgment should not have been made absolute for the reason that it was not a proper exercise of judicial discretion: Jenkintown Nat. Bank v. Fulmor, 124 Pa. 337; Boyd v. Kirch, 234 Pa. 432; Sweitzer v. Crowley, 238 Pa. 282; Stewart v. Stewart, 246 Pa. 344; Steinmeyer v. Siebert, 190 Pa. 471.

*Thomas F. Wells,* for appellee.—An application to open a judgment is an equitable proceeding, addressed to the discretion of the court, and on appeal the appellate court will only determine whether the discretion has been properly exercised: Kelber v. Pittsburgh Plow Co., 146 Pa. 485; Whitecar v. Knights of Golden Eagle, 18 Pa. Superior Ct. 631; Goldstein v. Fritzius, 41 Pa. Superior Ct. 219.

OPINION BY HENDERSON, J., May 9, 1916:

The judgment for the plaintiff for want of an affidavit of defense was regularly entered in accordance with the established practice. The application to open the judgment was made by E. A. Innes who describes himself as "the adjuster and authorized representative or agent of the defendant above named in the subject-matter of the above stated action." He received from the defendant a copy of the summons served on the insurance commissioner but states that he has no recollection of having received with it a copy of the plaintiff's statement and therefore avers that he had no knowledge that the same had been filed until informed that the judgment for want of an affidavit of defense had been taken. Upon receipt of that notice, however, he made search among the papers in his office and found that at some time a copy of the statement of claim had been forwarded to him but he has no recollection of ever having seen it or heard of it until informed by the defendant's attorney that judgment had been entered. The substance of the affidavit is, therefore, that although the petitioner had caused an appearance to be entered for the defendant and had received a copy of the statement of claim he overlooked the subject or it was not so impressed on his mind that he had any recollection of the transaction. There is no suggestion of any misleading representation or inducement of any kind by the plaintiff or her counsel by which the defendant or the petitioner as the defendant's agent was put off guard. The rules of practice are made to expedite the business of the court and to promote the speedy administration of justice. It is within the discretion of the court to open a judgment for reasonable cause shown and such exercise of authority will not be reviewed except where such discretion has been exceeded. In the present case we are of the opinion that no cause was exhibited which should have moved the court to open the judgment. It was a clear case of inat-

tention not excused or accounted for. We think therefore the defendant was not entitled to the relief sought.

The order is reversed without prejudice to the right of the defendant to apply for a reliquidation of the judgment.